IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CR-00215-RJC-DSC

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PARIS JONTUE TAYLOR ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant for compassionate release or home confinement based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, and the Eighth Amendment, (Doc. No. 162), which she claims follows her request to the warden of her institution for compassionate release. Local Criminal Rule 47.1(D) provides that the government is not required to respond to pro se motions unless ordered by the Court.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the Bureau of Prisons (BOP) authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable

candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. See United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)). Accordingly, the Court cannot grant the defendant's request for home confinement.

Additionally, the Eighth Amendment does not provide a basis for the defendant's release by this Court. The defendant alleges that the staff at FCP Alderson is failing to protect her health. (Doc. No. 162: Motion at 12). An attack on the execution of a federal sentence must be brought in an action pursuant to 28 U.S.C. § 2241 in the district where an inmate is confined after exhaustion of administrative remedies, United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), which in this case is the Southern District of West Virginia.

**IT IS, THEREFORE, ORDERED** that the government shall file a response only on the defendant's request for compassionate release under § 3582(c)(1)(A), within fourteen (14) days of the entry of this Order.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: July 15, 2020

Robert J. Conrad, Jr.
United States District Judge

2